UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-8667 FMO (ASx) | Date | September 19, 2022 |
|---|---|---|---|
| Title | Surjit P. Soni v. Certain Underwriters at Lloyd's, London Subscribing to Policy Numbers AP016692016/0014 and YL050600c/011 | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Gabriela Garcia | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff(s): | | Attorney Present for Defendant(s): |
| None Present | | None Present |

**Proceedings:**     (In Chambers) Order Re: Pending Motion

Having reviewed and considered all the briefing filed with respect to Certain Underwriters at Lloyd's, London Subscribing to Policy Number AP0166962016/0014's ("Underwriters" or "defendant") Motion for Summary Judgment, (Dkt. 33, "Motion"), the court finds that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78(b); Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

**INTRODUCTION**

On May 22, 2020, Surjit P. Soni ("Soni"), an attorney doing business as The Soni Law Firm filed this action in state court against Underwriters asserting claims for: (1) breach of contract, and (2) breach of the implied covenant of good faith and fair dealing. (See Dkt. 1, Notice of Removal ("NOR") at ¶ 1); (Dkt. 1-1, Complaint at ¶¶ 25-40). Soni alleged that Underwriters breached two insurance policies by failing to provide coverage related to an action filed against plaintiff by a former client asserting legal malpractice and fraud claims.[1] (See Dkt. 1-1, Complaint at ¶¶ 13-24).

On July 15, 2020, Underwriters filed its Answer, asserting rescission as an affirmative defense. (See Dkt.8, Exh. B, Answer at 3, 7). On September 22, 2020, Underwriters removed the action to this court. (See Dkt. 1, NOR). On May 3, 2021, after obtaining leave of court, Underwriters filed its Amended Answer and Counterclaim, (Dkt. 23, Ans. & Counterclaim), which asserted counterclaims for rescission and unjust enrichment. (Id. at ¶¶ 15-26).

---

[1] Pursuant to the parties' stipulation, Certain Underwriters at Lloyd's, London Subscribing to Policy Number YL050600c/011 was dismissed. (See Dkt. 16, Court's Order of April 13, 2021).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-8667 FMO (ASx) | Date | September 19, 2022 |
|---|---|---|---|
| Title | Surjit P. Soni v. Certain Underwriters at Lloyd's, London Subscribing to Policy Numbers AP016692016/0014 and YL050600c/011 | | |

**STATEMENT OF FACTS**[2]

I.   PLAINTIFF'S LEGAL PRACTICE.

Soni is an attorney who operates as a sole proprietorship under the name, "The Soni Law Firm." (Dkt. 34, Statement of Uncontroverted Facts ("SUF") at D1).[3] Attorneys M. Danton Richardson ("Richardson"), Leo Lundberg ("Lundberg"), and Michael Long ("Long") were employed by Soni during the relevant time period. (Id. at D3).

II.   THE UNDERLYING LITIGATION.

Global Product Management, Inc. ("GPM") retained Soni to serve as counsel in the case captioned, Bioriginal Food & Science Corp. v. Global Product Management, Inc. ("Bioriginal Action"), Case No. CV 13-5704 CAS (C.D. Cal). (Dkt. 34, SUF at D14). Lundberg, Richardson, and Long appeared in the Bioriginal Action, (id. at D15), and each filed a Notice of Appearance, indicating that they were affiliated with The Soni Law Firm. (Id. at D16) (Dkt. 33-2, Evidentiary Appendix [] ("EA"), Exhs. 7-9 (Notices of Appearance)) (identifying "Firm or agency" as "The Soni Law Firm"). Each attorney appeared on the caption of GPM's filings as The Soni Law Firm attorneys.[4] (Dkt. 34, SUF at D17); (Dkt. 33-2, EA, Exhs. 10-12).

---

[2] Unless otherwise indicated, the following facts are undisputed and/or contain disputes that are not material. Moreover, to the extent the court relies on evidence to which the parties have raised an objection, their objections are overruled. See Fraser v. Goodale, 342 F.3d 1032, 1036 (9th Cir. 2003) (holding that, on summary judgment, the court "do[es] not focus on the admissibility of the evidence's form" but rather "focus[es] on the admissibility of its contents"); Block v. City of Los Angeles, 253 F.3d 410, 418-19 (9th Cir. 2001) (holding that a party "does not necessarily have to produce evidence in a form that would be admissible at trial" for that evidence to be considered at the summary judgment stage).

[3] Soni repeatedly cites to the "Declaration of Surjit P. Soni" in support of the facts set forth in the SUF. (See Dkt. 34, SUF). However, the court could not locate such a declaration. The only declaration by Soni submitted in connection with the Motion is the "Declaration of Surjit P. Soni in Support of Plaintiff's Opposition to Defendant's Motion for Leave to Amend Answer to Assert Counterclaims for Rescission and Unjust Enrichment[,]" (Dkt. 33-2, Exh. 23), which was originally submitted on April 15, 2021, in connection with another motion. But that declaration clearly does not support the factual propositions that Soni puts forward here. Nonetheless, the court credits, for purposes of this Motion, plaintiff's assertions of fact as if they were supported by a declaration from Soni.

[4] Underwriters contends that Lundberg, Richardson, and Long represented Soni in the GPM Action as The Soni Law Firm attorneys. (Dkt. 34, SUF at D20) (citing Dkt. 33-2, EA, Exh.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-8667 FMO (ASx) | Date | September 19, 2022 |
|---|---|---|---|
| Title | Surjit P. Soni v. Certain Underwriters at Lloyd's, London Subscribing to Policy Numbers AP016692016/0014 and YL050600c/011 | | |

On April 1, 2016, GPM sued Soni in state court in an action captioned, Global Product Management Inc. v. Soni ("GPM Action"), Case No. BC615705 (Cal. Sup. Ct.). (Dkt. 34, SUF at D19); (Dkt. 33-2, EA, Exh. 13 (GPM Complaint)). The initial Complaint asserted causes of action for "Breach of Contract" and "Breach of Fiduciary Duty (Intentional Tort)." (Dkt. 34, SUF at D21); (Dkt. 33-2, EA, Exh. 13 (GPM Complaint at 2). Soni did not tender the initial Complaint to Underwriters. (Dkt. 34, SUF at D22).

On January 11, 2017, GPM filed a First Amended Complaint ("GPM FAC"), (Dkt. 34, SUF at D23); (Dkt. 33-2, EA, Exh. 14 (GPM FAC)), asserting additional claims against Soni for negligence, fraud, misrepresentation, and unfair competition. (Dkt. 34, SUF at P3); (Dkt. 33-2, EA, Exh. 14 (GPM FAC)). GPM alleged that Soni intentionally and/or negligently represented that a meritorious patent infringement affirmative defense could be asserted in the Bioriginal Action. (Dkt. 34, SUF at P4); (see Dkt. 33-2, EA, Exh. 14 (GPM FAC) at ¶¶ 4-5). The GPM Action also included allegations of overbilling against Soni, (Dkt. 34, SUF at D24), such as overstaffing and having multiple attorneys perform the same tasks. (Id. at D25). GPM also alleged that Soni billed for "contract attorneys" that worked on the matter and up-charged their fees. (Id. at D26); (Dkt. 33-2, EA, Exh. 14 (GPM FAC) at ¶ 6).

III. TENDER OF THE POLICY.

Underwriters issued a professional liability insurance policy to The Soni Law Firm for the period of October 28, 2016 to October 28, 2017, under Policy Number AP0166962016/0014 ("Policy"). (Dkt. 34, SUF at D5); (Dkt. 33-2, Evidentiary Appendix [] ("EA"), Exh. 6 (Policy) at 1). Soni tendered the GPM FAC to Underwriters by letter, dated February 10, 2017. (Dkt. 34, SUF at D27, P5); (Dkt. 33-2, EA, Exh. 15 (Feb. 10 Ltr.)). On February 16, 2017, Underwriters accepted the defense of the GPM Action, but reserved its rights to deny coverage based on exclusions for fraud, punitive damages and claims for fee disputes by GPM; Underwriters advised Soni that it would be appointing counsel to defend him. (Dkt. 34, SUF at P6); (Dkt. 33-2, EA, Exh. 24).

In a follow-up letter, Soni pointed out that Underwriters' reservation of rights created a conflict of interest between Soni and Underwriters, which entitled Soni to independent counsel of his choosing. (Dkt. 34, SUF at P7); (Dkt. 33-2, EA, Exh. 16 (May 16 Ltr.) at 2). Soni stated that he was currently represented by attorneys of his choosing, but did not identify the attorneys. (Dkt. 34, SUF at D28); (Dkt. 33-2, EA, Exh. 16 (May 16 Ltr.) at 2).

On June 9, 2017, Underwriters agreed to participate in Soni's defense pursuant to

---

2 (Lundberg Depo.) at 7) ("Q: Did you represent Mr. Soni in the GPM action? A: Yes, I was one of the attorneys."); (Dkt. 33-2, EA, Exh. 3 (Richardson Depo) at 8) ("Q: Did you represent Mr. Soni in the GPM action? A: Yes."); (Dkt. 33-2, EA, Exh. 4 (Long Depo) at 8) ("Q: Did you represent Mr. Soni in the GPM action? A: Yes.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-8667 FMO (ASx) | Date | **September 19, 2022** |
|---|---|---|---|
| Title | **Surjit P. Soni v. Certain Underwriters at Lloyd's, London Subscribing to Policy Numbers AP016692016/0014 and YL050600c/011** | | |

California Civil Code § 2860 ("§ 2860").[5] (Dkt. 34, SUF at D29); (Dkt. 33-2, EA, Exh. 17 (June 9 Ltr.)). Underwriters stated that Soni could retain independent counsel pursuant to § 2860, but that it was exercising its right to approve counsel and the hourly rate. (Dkt. 34, SUF at D30); (Dkt. 33-2, EA, Exh. 17). Underwriters cited § 2860's provision[6] that Underwriters' obligation to pay fees to the attorneys selected by Soni is limited to the rates which are actually paid by Underwriters to attorneys retained by it in the ordinary course of business in the defense of similar actions in the community, and that any dispute concerning attorney's fees shall be resolved through binding arbitration by a single neutral arbitrator selected by the parties to the dispute. (Dkt. 34, SUF at D31); (Dkt. 33-2, EA, Exh. 17 at 3).

Pursuant to § 2860,[7] Underwriters also appointed Nemecek & Cole to defend Soni in the <u>GPM</u> <u>Action</u>. (Dkt. 34, SUF at D33). Underwriters paid $259,250.20 for defense fees and costs, which included the payment of Nemecek & Cole's invoices. (<u>Id.</u> at D35).

The <u>GPM</u> <u>Action</u> settled in July 2018. (Dkt. 34, SUF at D36, P9). As part of the settlement, Underwriters paid $375,000. (<u>Id.</u> at D37).

IV.   SONI'S APPLICATION FOR INSURANCE.

Soni completed the written application for the subject Policy on behalf of "The Soni Law Firm." (Dkt. 34, SUF at D47); (Dkt. 33-2, EA, Exh. 21 (Application)). The Application's "Supplement 'C' Attorney List" requires the applicant to "list all of the firm's lawyers using" six categories: "Owner/Officer/Shareholder"; "Associate"; "Partner"; "Of-Counsel to the firm";

---

[5] Section 2860 provides in relevant part: "[W]hen an insurer reserves its rights on a given issue and the outcome of that coverage issue can be controlled by counsel first retained by the insurer for the defense of the claim, a conflict of interest may exist." Cal. Civ. Code § 2860(b).

[6] The relevant provision provides in part: "When the insured has selected independent counsel to represent him or her, the insurer may exercise its right to require that the counsel selected by the insured possess certain minimum qualifications which may include that the selected counsel have (1) at least five years of civil litigation practice which includes substantial defense experience in the subject at issue in the litigation, and (2) errors and omissions coverage. The insurer's obligation to pay fees to the independent counsel selected by the insured is limited to the rates which are actually paid by the insurer to attorneys retained by it in the ordinary course of business in the defense of similar actions in the community where the claim arose or is being defended." Cal. Civ. Code § 2860(c).

[7] "Where the insured selects independent counsel pursuant to the provisions of this section, both the counsel provided by the insurer and independent counsel selected by the insured shall be allowed to participate in all aspects of the litigation." Cal. Civ. Code § 2860(f).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-8667 FMO (ASx) | Date | September 19, 2022 |
|---|---|---|---|
| Title | Surjit P. Soni v. Certain Underwriters at Lloyd's, London Subscribing to Policy Numbers AP016692016/0014 and YL050600c/011 | | |

"Employed Attorney not otherwise designated" and "Contract Attorney[.]"   (Dkt. 33-2, EA, Exh. 21 (Application) at 7); (Dkt. 34, SUF at D49).  The Application lists four attorneys in the firm.  (Dkt. 34, SUF at D48); (Dkt. 33-2, EA, Exh. 21 (Application) at 1) (checking 1 for "Owner" and 3 for "Employed" for question: "By category, how many attorneys are in the firm?").  The Application designates Soni as an "Owner/Officer/Shareholder" and Lundberg, Richardson, and Long as "Associates."  (Dkt. 34, SUF at D50-51); (Dkt. 33-2, EA, Exh. 21 (Application) at 7).

Question 15 of the Application states as follows:  "Has the Applicant been a party to any lawsuit or other legal proceeding within the past year?"  (Dkt. 34, SUF at D52); (Dkt. 33-2, EA, Exh. 21 (Application) at 2).  If the applicant answered "Yes," the Application required the applicant to provide, "on Attachment 'B,'" a "description which includes the venue of the action, the parties, the amount at dispute, and nature of the claim(s), the status of the action(s) and how the action(s) was resolved as to the applicant, including all costs incurred and defense expenses."  (Dkt. 33-2, EA, Exh. 21 (Application) at 3); (Dkt. 34, SUF at SUF at D53).  Soni answered "No" in response to Question 15, (Dkt. 34, SUF at D54); (Dkt.33-2, EA, Exh. 21 (Application) at 2), and Attachment B was left blank.  (Dkt. 34, SUF at D55); (see Dkt. 33-2, EA, Exh. 21 (Application) at 5-6).

Soni signed the Application, affirming that "I/We hereby declare that the above statements and declarations are true and that I/we have not suppressed or misstated any material facts."  (Dkt. 34, SUF at D57); (Dkt. 33-2, EA, Exh. 21 (Application) at 3).  Soni also affirmed and agreed that "any misrepresentation or misstatement of material facts may void coverage under the proposed Insurance."  (Dkt. 34, SUF at D58); (Dkt. 33-2, EA, Dkt. 21 (Application) at 3).

By October 20, 2016, when Soni signed the Application, The Soni Law Firm had filed multiple pleadings, motions, and related papers in the GPM Action, including an answer, cross-complaint, a peremptory challenge to the assigned judge, a motion to compel, an opposition to a motion to quash, a reply in support of a motion to compel, and an opposition to motion to strike.  (Dkt. 34, SUF at D56).

**LEGAL STANDARD**

Rule 56(a) of the Federal Rules of Civil Procedure authorizes the granting of summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  The standard for granting a motion for summary judgment is essentially the same as for granting a directed verdict.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S.Ct. 2505, 2511 (1986).  Judgment must be entered "if, under the governing law, there can be but one reasonable conclusion as to the verdict."  Id.

The moving party has the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each cause of action upon which the moving party seeks judgment.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986).  If the moving party fails to carry its initial burden of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-8667 FMO (ASx) | Date | September 19, 2022 |
|---|---|---|---|
| Title | Surjit P. Soni v. Certain Underwriters at Lloyd's, London Subscribing to Policy Numbers AP016692016/0014 and YL050600c/011 | | |

production, "the nonmoving party has no obligation to produce anything[.]" Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc., 210 F.3d 1099, 1102-03 (9th Cir. 2000).

If the moving party has sustained its burden, the burden then shifts to the nonmovant to identify specific facts, drawn from materials in the file, that demonstrate that there is a dispute as to material facts on the elements that the moving party has contested. See Celotex, 477 U.S. at 324, 106 S.Ct. at 2553; Anderson, 477 U.S. at 256, 106 S.Ct. at 2514 (a party opposing a properly supported motion for summary judgment "must set forth specific facts showing that there is a genuine issue for trial.").[8] A factual dispute is material only if it affects the outcome of the litigation and requires a trial to resolve the parties' differing versions of the truth. SEC v. Seaboard Corp., 677 F.2d 1301, 1306 (9th Cir. 1982). Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322, 106 S.Ct. at 2552; see Anderson, 477 U.S. at 252, 106 S.Ct. at 2512 (parties bear the same substantive burden of proof as would apply at a trial on the merits).

In determining whether a triable issue of material fact exists, the evidence must be considered in the light most favorable to the nonmoving party. See Barlow v. Ground, 943 F.2d 1132, 1134 (9th Cir. 1991). However, summary judgment cannot be avoided by relying solely on "conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888, 110 S.Ct. 3177, 3188 (1990); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 1356 (1986) (more than a "metaphysical doubt" is required to establish a genuine issue of material fact). "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position" is insufficient to survive summary judgment; "there must be evidence on which the [fact finder] could reasonably find for the [nonmoving party]." Anderson, 477 U.S. at 252, 106 S.Ct. at 2512.

**DISCUSSION**

Underwriters contends that the Policy is void ab initio by rescission due to Soni's failure to disclose the GPM Action during the application process. (See Dkt. 33-1, Joint Brief [] ("Joint Br.") at 8, 45-48). According to Underwriters, Soni's answer to Question 15 on the Application, (see id. at 45), "was false, and [that] the response was material to the issuance of the [] Policy." (Id. at 45-46).

---

[8] "In determining any motion for summary judgment or partial summary judgment, the Court may assume that the material facts as claimed and adequately supported by the moving party are admitted to exist without controversy except to the extent that such material facts are (a) included in the 'Statement of Genuine Disputes' and (b) controverted by declaration or other written evidence filed in opposition to the motion." Local Rule 56-3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-8667 FMO (ASx) | Date | September 19, 2022 |
|---|---|---|---|
| Title | **Surjit P. Soni v. Certain Underwriters at Lloyd's, London Subscribing to Policy Numbers AP016692016/0014 and YL050600c/011** | | |

"When a policyholder conceals or misrepresents a material fact on an insurance application, the insurer is entitled to rescind the policy." LA Sound USA, Inc. v. St. Paul Fire & Marine Ins. Co., 156 Cal.App.4th 1259, 1266 (2007); Superior Dispatch, Inc. v. Insurance Corp. of New York, 181 Cal.App.4th 175, 191 (2010) ("A misrepresentation or concealment of a material fact in connection with an application for insurance is grounds for rescission of the policy.") (citing Cal. Ins. Code §§ 331, 359).  A rescission voids the policy ab initio – "effectively render[ing] the policy totally unenforceable from the outset so that there was never any coverage and no benefits are payable."  LA Sound, 156 Cal.App.4th at 1267 (internal quotation marks omitted). "[M]isstatement or concealment of material facts is ground for rescission *even if unintentional*. The insurer need not prove that the applicant-insured actually intended to deceive the insurer." Id. at 1270 (internal quotation marks omitted); Thompson v. Occidental Life Ins. Co., 9 Cal.3d 904, 916 (1973) ("Material misrepresentation or concealment . . . are grounds for rescission of the policy, and an actual intent to deceive need not be shown."); see Cal. Ins. Code § 331 ("Concealment, whether intentional or unintentional, entitles the injured party to rescind insurance.").

"Materiality is determined solely by the probable and reasonable effect which truthful answers would have had upon the insurer." Thompson, 9 Cal.3d at 916; see Cal. Ins. Code § 334 ("Materiality is to be determined not by the event, but solely by the probable and reasonable influence of the facts upon the party to whom the communication is due, in forming his estimate of the disadvantages of the proposed contract, or in making his inquiries.").  "The fact that the insurer has demanded answers to specific questions in an application for insurance is in itself usually sufficient to establish materiality as a matter of law." Thompson, 9 Cal.3d at 916; see Scottsdale Ins. Co. v. Computer Sciences Corp., 804 F.Appx. 722, 724 (9th Cir. 2020) (same).

To reiterate, Question 15 asks:  "Has the Applicant been a party to any lawsuit or other legal proceeding within the past year?"  (Dkt. 34, SUF at D52); (Dkt. 33-2, EA, Exh. 21 (Application) at 2).  Soni answered "No."  (Dkt. 34, SUF at D54); (Dkt. 33-2, EA, Exh. 21 (Application) at 2).

Soni first contends that the rescission claim is untimely. (See Dkt. 33-1, Joint Br. at 48-49); (Dkt. 37, Plaintiff Surjit P. Soni's Supplemental Memorandum in Support of Motion for Partial Summary Judgment ("Plf. Reply") at 4).  According to Soni, defendant's rescission claim "is subject to a 2 year statute of limitations[,]" (Dkt. 33-1, Joint Br. at 48) (citing Cal. Code Civ. Pro. § 337), and thus the limitations period expired in October 2018, making defendant's claim untimely.  (See id. at 48-49); (see id. at 48) ("The policy application was submitted October 20, 2016.  Underwriters' claim for rescission was asserted for the first time on April 6, 2021.").  But Soni's contention that Underwriters' rescission claim is subject to a two year statute of limitations under California Code of Civil Procedure § 337 (" § 337") is troubling given Soni's prior admission in one of his briefs that defendant's rescission claim was subject to § 337's four year statute of limitations.  (See Dkt. 18, Plaintiff's Opposition to Defendants' Motion for Leave to Amend Answer to Assert Counterclaims for Rescission and Unjust Enrichment at 5) ("The statute of limitations

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-8667 FMO (ASx) | Date | September 19, 2022 |
|---|---|---|---|
| Title | Surjit P. Soni v. Certain Underwriters at Lloyd's, London Subscribing to Policy Numbers AP016692016/0014 and YL050600c/011 | | |

for a claim of rescission of a written insurance contract is four (4) years. Cal. Code Civ Proc § 337(c)."); see also Am. Title Ins. Co. v. Lacelaw Corp., 861 F.2d 224, 226 (9th Cir. 1989) ("For purposes of summary judgment, the courts have treated representations of counsel in a brief as admissions even though not contained in a pleading or affidavit."). Soni has not provided any authority suggesting that the applicable statute of limitations has – since the filing of Soni's opposition to defendant's motion to amend answer – been amended to provide for a shorter two year limitations period, let alone any authority holding or suggesting that the statute of limitations is two years. (See, generally, Dkt. 33-1, Joint Br at 48-49); (Dkt. 37, Plf. Reply at 4-5).

In any event, § 337 provides a statute of limitations of "four years" for "[a]n action based upon the rescission of a contract in writing." Cal. Code Civ. Pro. § 337(c)); see Kahlenberg v. Bamboo Ins. Services, Inc., 2020 WL 13336569, *6 (C.D. Cal. 2020) ("The statute of limitations for an action based upon the rescission of a contract in writing is four years from the date that the party discovers the fraud."). Here, Underwriters filed its Answer on July 15, 2020, asserting rescission as an affirmative defense. (See Dkt. 8, Exh. B, Answer at 3, 7); Duarte v. Pacific Specialty Ins. Co., 13 Cal.App.5th 45, 56 (2017) ("It is well established that although an insurer may not file a separate action for rescission once the insured has filed suit, the insurer may assert rescission as an affirmative defense or in a cross complaint."); Kahlenberg, 2020 WL 13336569, at *5 ("[T]he insurer may assert rescission as an affirmative defense or in a cross complaint."). "Theoretically, the earliest date at which [Underwriters] could have discovered any alleged misrepresentations is [October 20, 2016], the date the insurance policy application was submitted[.]" Kahlenberg, 2020 WL 13336569, at *6. Thus, Underwriters timely asserted its rescission claim when it asserted it as an affirmative defense in the Answer it filed on July 15, 2020, less than four years after Soni signed the Application.

Soni next contends that the Application "did not contain any misrepresentations," and that "Underwriters fail[ed] to disclose to this Court, in a startling lack of candor clearly intended to mislead the Court, the fact that Soni specifically disclosed in response to Question 11 that he had filed 2 fee collection actions during the past year." (Dkt. 33-1, Joint Br. at 49). For this latter proposition, Soni states – despite the fact that there is no way to tell what actions are being referenced since the answer to Question 11 is simply a number – that the GPM Action was one of the actions he disclosed in response to Question 11. (See id. at 24, 49); (see id. at 50) (contending there are "factual disputes whether the application taken as a whole placed Underwriters on notice that Soni was party to 2 lawsuits seeking payment of fees, including the GPM case"); (Dkt. 34, SUF at P17). Soni's arguments are wholly without merit.

Question 11 merely asks: "[h]ow many suits for collection of fees have been filed by the Applicant [Soni] during the past year[.]" (Dkt. 33-2, EA, Exh. 21 (Application) at 2) (emphasis added). Soni responded to Question 11 by simply stating "2". (Id.). Soni's claim that the cross-complaint he filed in the GPM Action is apparently one of the collection actions he is referring to in his answer to Question 11, (see Dkt. 33-1, Joint Br. at 50); (see Dkt. 34, SUF at P17), is irrelevant. The GPM Action was filed against Soni and Soni's request for fees was simply a cross-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-8667 FMO (ASx) | Date | September 19, 2022 |
|---|---|---|---|
| Title | Surjit P. Soni v. Certain Underwriters at Lloyd's, London Subscribing to Policy Numbers AP016692016/0014 and YL050600c/011 | | |

complaint Soni asserted in the GPM Action. (Dkt. 34, SUF at D56). In other words, the GPM Action was not a collection suit "filed by" Soni. What's more, the fact that Soni filed a cross-complaint in the GPM Action did not relieve Soni of his obligation to fully answer Question 15, i.e., it did not permit Soni to conceal the action (and the claims contained therein) filed against him by GPM.

Moreover, there is no basis to conclude, as Soni implies, that Question 15 is somehow tied to Question 11. (See Dkt. 33-1, Joint Br. at 49) (contending he "disclosed he had collections suits pending against clients" and that "he was not party to any other proceedings during the past year"). Question 15 broadly asks: "Has the Applicant [Soni] been a party to any lawsuit or other proceeding within the past year?" (Dkt. 33-2, Exh. 21 (Application) at 2). Question 11, on the other hand, is expressly limited to actions filed by Soni for the collection of fees, and is only seeking the number of actions Soni filed. (Id.). Question 15 is a much broader question, and seeks information as to any "lawsuit" or "other proceeding" to which Soni was a party. Soni's interpretation of Question 15 ignores the language in the question seeking the identification of "any lawsuit" where Soni was a party. But to treat "lawsuit" and "other proceeding" as one-in-the-same ignores the fact that Question 15 requires information about all lawsuits to which Soni was a party, irrespective of whether he was a plaintiff or defendant. Of course, the purpose of requiring such information is for the insurer to learn whether the applicant may be subject to liability in a pending lawsuit. And here, the GPM Action was such a lawsuit, as it is undisputed that GPM's lawsuit against Soni was pending at the time Soni signed the Application in October 2016. (Id. at 3); (Dkt. 34, SUF at D19) ("On April 1, 2016, GPM sued Soni"); (Dkt. 33-2, EA, Exh. 13 (GPM Complaint)). That Question 15 is materially different than Question 11 is further buttressed by the fact that if Soni answered "Yes" to Question 15, he was required to complete "Attachment B" and disclose, among other things, the parties, amount in dispute, and the nature of the claims. (See Dkt. 33-2, Exh. 21 (Application) at 3). Question 11 merely asked for the number of collection suits filed by Soni, and nothing more. (Id. at 2).

In a similar vein, Soni contends that, "[t]o the extent [his] answers taken together appeared inconsistent, Underwriters was on inquiry notice to assess what effect those suits may have on the underwriting of the policy to Soni." (Dkt. 33-1, Joint Br. at 49); (Dkt. 37, Reply at 4). However, contrary to Soni's contention, his "answers taken together" were not "inconsistent," so as to put Underwriters on inquiry notice to assess what effects, if any, the collection actions he filed may have had on the underwriting of the Policy. (See Dkt. 33-1, Joint Br. at 49); (Dkt. 37, Plf. Reply at 4). In other words, Soni's answer to Question 15 was not inconsistent with his answer to Question 11 because, as discussed above, the questions sought entirely different information – Question 11 was focused solely on the number collection actions filed by Soni, while Question 15 was focused on "any lawsuit" and/or "other proceeding" to which Soni was a party, which required Soni to set forth all lawsuits in which he was a plaintiff or defendant.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-8667 FMO (ASx) | Date | September 19, 2022 |
|---|---|---|---|
| Title | Surjit P. Soni v. Certain Underwriters at Lloyd's, London Subscribing to Policy Numbers AP016692016/0014 and YL050600c/011 | | |

Further, the authority relied upon by Soni – California Insurance Code § 650[9]; Barrera v. State Farm Mutual Auto. Ins. Co., 71 Cal.2d 659 (1969); Jaunich v. National Union Fire Ins. Co., 647 F.Supp. 209 (N.D. Cal. 1986), and Davis v. Walbrook Ins. Co., 1995 WL 641349 (9th Cir. 1995) (unpublished) – is inapposite. Section 650 of the California Insurance Code does not address notice or even an insurer's duty to investigate, and instead addresses the time for exercising the right to rescind an insurance contract. See Cal. Ins. Code § 650. With respect to Barrera, the Ninth Circuit in Davis, another case cited by Soni, explained that it was "limited to automobile liability insurers." Davis, 1995 WL 641349, at *1; see also American Continental Ins. Co. v. C & Z Timber Co., 195 Cal.App.3d 1271, 1278 (1987) ("The duty imposed on the automobile insurer in Barrera was compelled by statutory public policy considerations emanating from the automobile Financial Responsibility Law. . . . [A] careful reading of Barrera and later kindred decisions compels the conclusion that the duty defined in Barrera must in any event be limited to automobile liability insurers who deny coverage for reasons arising out of their own negligence.") (citations and internal quotation marks omitted). Indeed, the Davis decision does not support the proposition urged by Soni, namely that "'[o]nly an insurer which has made a reasonable investigation of the applicant's insurability within a reasonable time after issuance of a policy may assert the right of rescission for a material misrepresentation by the applicant granted by this section.'" (Dkt. 33-1, Joint Br. at 49-50). Davis does not include such language (or anything close).[10] See, generally, 1995 WL 641349.

---

[9] Section 650 provides in relevant part: "Whenever a right to rescind a contract of insurance is given to the insurer by any provision of this part such right may be exercised at any time previous to the commencement of an action on the contract." Cal. Ins. Code § 650.

[10] Putting aside the fact that the Davis decision does not in any way support Soni's position, the court notes that Soni's conduct in citing an unpublished decision of the Ninth Circuit (see Dkt. 33-1, Joint Br. at 49) (citing the Davis decision) is subject to sanctions. See, e.g., Holgate v. Baldwin, 425 F.3d 671, 680 (9th Cir. 2005) (litigant avoided Rule 11 sanctions for citing unpublished Ninth Circuit decision by filing notice of errata "within the 21-day safe harbor period" of Rule 11). The citation of a Ninth Circuit unpublished disposition issued prior to 2007 is prohibited because an unpublished "disposition is not written in a way that will be fully intelligible to those unfamiliar with the case, and the rule of law is not announced in a way that makes it suitable for governing future cases." Hart v. Massanari, 266 F.3d 1155, 1178 (9th Cir. 2001) (Ninth Circuit issued and discharged an order to show cause why attorney should not be disciplined for violating Ninth Circuit Rule prohibiting the citation of unpublished dispositions); see Ninth Circuit, Federal Rules of Appellate Procedure 36-3(c) ("Unpublished dispositions and orders of this Court issued before January 1, 2007 may not be cited to the courts of this circuit" except for purposes not relevant here). Soni's conduct is somewhat surprising given the court's previous observation in Puri v. Yogi Bhajan Admin. Tr., 2015 WL 12684464 (C.D. Cal. 2015), where the court noted that Soni, who was counsel of record, appeared to be "playing fast and loose with the court[.]" Id. at *6 (internal quotation marks omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-8667 FMO (ASx) | Date | September 19, 2022 |
|---|---|---|---|
| Title | Surjit P. Soni v. Certain Underwriters at Lloyd's, London Subscribing to Policy Numbers AP016692016/0014 and YL050600c/011 | | |

Jaunich also is inapplicable in this case. There, the court relied on California Insurance Code § 336, see 647 F.Supp. at 210, which provides that "[t]he right to information of material facts may be waived, either (a) by the terms of insurance or (b) by neglect to make inquiries as to such facts, where they are distinctly implied in other facts of which information is communicated." Cal. Ins. Code § 336. The insured in Jaunich initially failed to disclose material information on its application, but it subsequently "amended the application[,]" id. at 211, in a way that "clearly implied that the representations in its original application were inaccurate." Id. at 212. Yet, the insurer "apparently did very little[,]" id. at 211, "to obtain additional clarifications of the disclosures." Id. at 212. Here, Soni did not file an amended application. (See, generally, Dkt. 33-1, Joint Br.).

Finally, although Soni does not directly challenge the materiality of the misrepresentation or concealment in the Application, (see, generally, Dkt. 33-1, Joint Br. at 48-51); (Dkt. 37, Plf. Reply at 4-5), the court finds that Underwriters has established materiality.[11] See Thompson, 9 Cal.3d at 916 ("The fact that the insurer has demanded answers to specific questions in an application for insurance is in itself usually sufficient to establish materiality as a matter of law."); Scottsdale Ins. Co., 804 F.Appx. at 724 ("[U]nder California law, [t]he fact that the insurer has demanded answers to specific questions in an application for insurance is in itself usually sufficient to establish materiality as a matter of law.") (internal quotation marks omitted).

In short, the evidence is undisputed that Soni made a material misrepresentation in connection with his application for insurance which is sufficient for rescission of the subject policy.[12] Thus, Underwriters is entitled to summary judgment.

---

[11] Although Underwriters submitted the Declaration of Michael Churchman, (Dkt. 33-2, Exh. 26 ("Churchman Decl.")), who was the "coverholder with regard" to the Policy, (id. at ¶ 2), and stated that if Soni had disclosed the GPM Action, he "would not have accepted the risk, and thus would not have agreed to the issuance of the Policy[,]" (id. at ¶ 6), the declaration was unsigned and undated. (See id. at ECF 1657). Thus, the court does not rely on it.

[12] Soni's other contentions are similarly without merit. For example, with respect to his contention that Underwriters is barred by the doctrines of waiver, laches, and estoppel, (see Dkt. 33-1, Joint Br. at 50), the argument consists of a single paragraph, (see id.), with no cited authority. (See, generally, id.); see United States v. Aguilar, 782 F.3d 1101, 1108 (9th Cir. 2015) (declining to "manufacture" argument for defendants where they failed to cite any statutes or cases supporting their position); United States v. Graf, 610 F.3d 1148, 1166 (9th Cir. 2010) ("Arguments made in passing and not supported by citations to the record or to case authority are generally deemed waived."); Beasley v. Astrue, 2011 WL 1327130, *2 (W.D. Wash. 2011) ("It is not enough merely to present an argument in the skimpiest way, and leave the Court to do counsel's work – framing the argument, and putting flesh on its bones through a discussion of the applicable law and facts."). In light of the court's conclusion, it is not necessary to address

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-8667 FMO (ASx) | Date | September 19, 2022 |
|---|---|---|---|
| Title | Surjit P. Soni v. Certain Underwriters at Lloyd's, London Subscribing to Policy Numbers AP016692016/0014 and YL050600c/011 | | |

## **CONCLUSION**

**This Order is not intended for publication.  Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED THAT:

1. Underwriters' Motion for Partial Summary Judgment, **(Document No. 33)** is **granted**. The above-referenced action is dismissed with prejudice.

2. Judgment shall be entered accordingly.

|  | 00 | : | 00 |
|---|---|---|---|
| | Initials of Preparer | | gga |

---

Underwriters' remaining contentions.